UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GALVESTON-HOUSTON IMMIGRANT REPRESENTATION PROJECT, *et al*., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 21-2557 (RBW) |
| U.S. DEPARTMENT OF JUSTICE, *et al*., | ) ) | |
| Defendants. | ) ) | |

## ANSWER

Defendants U.S. Department of Justice (the "Department"), Executive Office for Immigration Review ("EOIR"), U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Enforcement and Removal Operations ("ERO"), U.S. Customs and Border Protection ("CBP"), U.S. Department of Health and Human Services ("HHS"), and the U.S. Office of Refugee Resettlement ("ORR") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Original Complaint ("Complaint") filed by Plaintiffs Galveston-Houston Immigrant Representation Project, YMCA of Greater Houston dba YMCA International Services, and Justice Action Center (collectively, "Plaintiffs"). All allegations not specifically admitted are denied.

1.      This paragraph contains Plaintiffs' characterization of who Plaintiffs have sued to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs have sued Defendants.

## I.   NATURE OF ACTION[1]

2.      This paragraph contains Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.      This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 6 U.S.C. § 279(g)(2) and the 2008 William Wilberforce Trafficking Victims Protection Reauthorization Act for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

5.      The first and second sentences in this paragraph contain Plaintiffs' characterizations of the Migrant Protection Protocols ("MPP") which speak for themselves. To the extent a response is required, Defendants respectfully refer the Court to the MPP Guiding Principles and Supplemental Policy Guidance for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[1]      For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. Defendants deny the remaining allegations in this paragraph.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## II.     PARTIES

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations in this paragraph.

15.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that DHS, ICE, and CBP are agencies. Defendants deny the remaining allegations in this paragraph.

16.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that HHS is an agency and deny the remaining allegations in this paragraph.

### III.     JURISDICTION AND VENUE

17.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms and limitations of FOIA.

18.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

19.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district.

### IV.     FACTUAL ALLEGATIONS

**A.     Plaintiffs Submitted the FOIA Requests to Defendants.**

20.     Defendants admit that Plaintiff submitted a FOIA request to EOIR, ICE, CBP, and the Administration for Children and Families ("ACF"). The remaining allegations in this paragraph pertain to that FOIA request, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Plaintiffs' FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

21.     This paragraph pertains to Plaintiffs' FOIA request, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

22.     The first sentence of this paragraph pertains to a news article that speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the referenced news

article and deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph.

23.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.    Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

27.    Defendants deny the first sentence of this paragraph. The second sentence of this paragraph pertains to a judicial decision, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the cited judicial decision for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**B.    EOIR Returned Only One Responsive Document.**

28.    Defendants admit that EOIR acknowledged receipt of Plaintiffs' FOIA request to EOIR by letter dated December 29, 2020. The remaining allegations in this paragraph pertain to that letter which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to EOIR's December 29, 2020 letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

29.     Defendants admit the allegations in this paragraph.

30.     Defendants admit that Plaintiffs submitted a First Amended FOIA Request dated February 4, 2021 to EOIR. The remaining allegations in this paragraph pertain to that narrowed request, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Plaintiffs' February 4, 2021 First Amended FOIA Request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

31.     Defendants admit that EOIR sent Plaintiffs a letter dated February 10, 2021. The remaining allegations in this paragraph pertain to that letter which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to EOIR's February 10, 2021 letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

32.     Defendants admit that Plaintiffs submitted an administrative appeal dated March 26, 2021. The remaining allegations in this paragraph pertain to that administrative appeal which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Plaintiffs' March 26, 2021 administrative appeal for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

33.     Defendants admit the allegations in this paragraph.

34.     Defendants admit the allegations in the first sentence of this paragraph and that the Department's Office of Information Policy had not decided Plaintiffs' administrative appeal as of the date of the filing of Plaintiffs' Complaint. Defendants deny the remaining allegations in this paragraph.

**C.     ICE and ERO Did Not Process the FOIA Request or the Subsequent Administrative Appeal.**

35.     Defendants admit the allegations in this paragraph.

36.     Defendants admit that Plaintiffs submitted an administrative appeal dated March 29, 2021. The remaining allegations in this paragraph pertain to Plaintiffs' administrative appeal which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Plaintiffs' March 29, 2021 administrative appeal for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

37.     Defendants admit that ICE acknowledged receipt of Plaintiffs' administrative appeal on April 9, 2021 and assigned it tracking number 2021-ICAP-00593.

38.     Defendants deny the allegations in this paragraph. Defendants further aver that ICE responded to Plaintiffs' administrative appeal by letter dated April 21, 2021.

**D.     CBP Did Not Process the FOIA Request or the Subsequent Administrative Appeal.**

39.     Defendants admit that CBP assigned tracking number CBP-2021-018382 to the FOIA request. Defendants deny the remaining allegations in this paragraph. Defendants further aver that CBP acknowledged receiving Plaintiffs' FOIA request on December 21, 2020.

40.     Defendants admit the allegations in this paragraph.

41.     Defendants admit that CBP sent Plaintiffs a letter dated April 15, 2021. The remaining allegations in this paragraph pertain to that letter which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to CBP's April 15, 2021 letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

42.     Defendants admit the allegations in the first sentence of this paragraph and that CBP had not issued a final determination to Plaintiffs regarding their administrative appeal as of the date of the filing of Plaintiffs' Complaint. Defendants respectfully refer the Court to CBP's April 15, 2021 letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

**E.     ORR Did Not Process the FOIA Request or the Subsequent Administrative Appeal.**

43.     Defendants admit that a FOIA request was received via ACF's FOIA Public Access Link.

44.     Defendants admit the allegations in this paragraph.

45.     Defendants admit the allegations in this paragraph.

46.     Defendants admit that Celeste Smith, the Director of the Freedom of Information Office's Office of Communications for HHS's Administration for Children and Families, sent Plaintiffs' counsel an email dated April 14, 2021. The remaining allegations in this paragraph pertain to that email which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Director Smith's April 14, 2021 email for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

47.     Defendants admit that Plaintiffs submitted a First Amended FOIA Request to HHS's Administration for Children and Families dated June 15, 2021. The remaining allegations in this paragraph pertain to that amended request which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Plaintiffs' First Amended FOIA Request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

48.     Defendants admit that Tasha Hunt, an employee with HHS's Administration for Children and Families' FOIA Office, sent Plaintiffs' counsel an email dated June 25, 2021. The remaining allegations in this paragraph pertain to that email which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Ms. Hunt's June 25, 2021 email for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

49.     Defendants admit the allegations in this paragraph.

50.     Defendants admit that as of the filing of Plaintiffs' Complaint, Plaintiffs have not received any further communications from HHS or ORR.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i)**
**Failure to Comply with Statutory Deadlines – FOIA Requests**

51.     Defendants incorporate by reference their responses to paragraphs 1-50.

52.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(B), and (a)(6)(C)(i) for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

53.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the judicial decision cited in this paragraph for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

54.     Defendant ICE admits that it has had no further communications with Plaintiffs since April 21, 2021, and that no responsive records have been sent subsequently to Plaintiffs. Defendants deny the remaining allegations in this paragraph.

55.     Defendant ICE admits that it has had no further communications with Plaintiffs since April 21, 2021, and that no responsive records have been sent subsequently to Plaintiffs. Defendants deny the remaining allegations in this paragraph.

56.     This paragraph contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(ii)**
**Failure to Comply with Statutory Deadlines – FOIA Appeals**

57.     Defendants incorporate by reference their responses to paragraphs 1-56.

58.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 5 U.S.C. §§ 552(a)(6)(A)(ii), (a)(6)(B), and (a)(6)(C)(i) for complete and accurate statement of their contents and deny any allegations inconsistent therewith.

59.     Defendants deny the first sentence of this paragraph. The second sentence of this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

60.     Defendants deny the first and second sentences of this paragraph. Defendants further aver that ICE responded to Plaintiffs' administrative appeal by letter dated April 21, 2021. Defendants admit that CBP has not issued a final determination regarding the FOIA request to CBP.

61.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552(a)(3)(C)**
**Failure to Conduct an Adequate Search for Responsive Records**

62.     Defendants incorporate by reference their responses to paragraphs 1-61.

63.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 5 U.S.C. § 552(a) for a complete an accurate statement of its contents and deny any allegations inconsistent therewith.

64.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 5 U.S.C. § 552(a)(3)(C) for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

65.     Defendants deny the allegations in this paragraph.

66.     Defendants deny the allegations in this paragraph.

67.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 5 U.S.C. § 552(a)(4)(B) for a complete an accurate statement of its contents and deny any allegations inconsistent therewith.

**COUNT IV**
**Violation of FOIA, 5 U.S.C. § 552(a)(4)(A)(iii)**
**Failure to Grant Waiver of Fees**

68.      Defendants incorporate by reference their responses to paragraphs 1-67.

69.     This paragraph refers to Plaintiffs' FOIA request which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Plaintiffs' FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

70.     Defendants admit the allegations in this paragraph.

71.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**V.      RELIEF REQUESTED**

72.     The allegations in paragraphs a) through f) following the "Wherefore" clause under the "Relief Requested" section of the Complaint assert Plaintiffs' requested relief to which no

response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorization under FOIA.

### Second Defense

Plaintiffs is not entitled to compel the release of records exempt from disclosure under FOIA.

### Third Defense

Plaintiffs' FOIA requests fail to reasonably describe all the records requested.

Dated: November 5, 2021
      Washington, DC

                      Respectfully submitted,

                      MATTHEW M. GRAVES, D.C. Bar #481052
                      United States Attorney

                      BRIAN P. HUDAK
                      Acting Chief, Civil Division

                      By:        /s/ *Michael A. Tilghman II*
                          MICHAEL A. TILGHMAN II
                          D.C. Bar #988441
                          Assistant United States Attorney
                          555 Fourth Street, NW
                          Washington, DC 20530
                          (202) 252-7113
                          Michael.Tilghman@usdoj.gov

                      *Attorneys for the United States of America*